110 F.3d 69
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
The PEOPLE OF the TERRITORY OF GUAM, Plaintiff-Appellee,
v.
Albert MUNA, Defendant-Appellant.
 No. 96-10121.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 14, 1997.
Decided March 27, 1997.
 
 Appeal from the United States District Court for the Territory of Guam, Appellate Division, No. CR-94-00075A; Unpingco, Goodwin, and Munson Judges, Presiding.
 D.Guam,
 AFFIRMED IN PART, REVERSED IN PART.
 Before: HUG, Chief Judge, THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Albert Quinata Muna was charged with four counts of sexual crimes against a minor. He was acquitted on the first two counts but was convicted on the last two--sexual contact with a person under the age of fourteen and sexual penetration of a person under the age of fourteen. He challenges both convictions. We have jurisdiction pursuant to 48 U.S.C. § 1424-3(c). We reverse the conviction on Count III of the superceding indictment and affirm the conviction on Count IV.
 
 
 3
 Muna was charged with two counts of sexual contact with a person under the age of fourteen for allegedly fondling the breasts of his niece--Antoinette Concepcion--on two separate occasions within the same day. Muna was convicted on one count but acquitted on the other. Because both alleged events occurred on the same day and resulted in the same crime being charged, the indictment contained identical language for both counts. The indictment did not specify which charge corresponded to which alleged incident of breast touching, nor did the jury instructions or closing arguments clarify which charge corresponded to which alleged incident.
 
 
 4
 Guam statutory law requires the jury verdict in a criminal case to be unanimous. 8 Guam Code Ann. § 105.30(a). We are unable to ascertain whether this unanimity requirement was met. Although the jury returned a unanimous guilty verdict on Count III, we have no way of determining if all the jurors found Muna guilty of the same offense. That is, because Counts II and III were identical, it is possible that some jurors believed Count III referred to the first alleged incident of breast touching while others may have believed Count III referred to the second alleged incident of breast touching. If there was not full agreement that at least one of these incidents took place then the conviction was not unanimous. There obviously was not full agreement that both incidents took place because Muna was acquitted on Count II. Because we cannot be certain that there was unanimous consent among the jury that either incident of breast touching occurred, we must reverse the conviction as to Count III.
 
 
 5
 As to the conviction on Count IV, sexual penetration of a person under the age of fourteen, we affirm. Muna argued that there was insufficient evidence to convict because the sole evidence against him was the uncorroborated and unreliable testimony of Concepcion. Sufficient evidence to support a conviction exists if, reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson, 443 U.S. at 319; United States v. Jones, 84 F.3d 1206, 1210 (9th Cir.), cert. denied, 117 S.Ct. 405 (1996). We have held that the uncorroborated testimony of a minor victim is sufficient to sustain a conviction. Gilpin v. McCormick, 921 F.2d 928, 932-33 (9th Cir.1990). In addition, "direct evidence of one witness who is entitled to full credit is sufficient for proof of any fact." Guam Code Ann. § 2501. Concepcion's testimony was entitled to full credit, it set forth the essential elements of the crime charged in Count IV, and the jury could have rationally determined that the events she alleged took place. Therefore there was sufficient evidence to convict.
 
 
 6
 Finally, we find no error in excluding Muna's proposed demonstration evidence, which he claimed would prove that the events alleged by Concepcion were physically impossible. Trial courts are allowed wide latitude in making evidentiary rulings, and we will not disturb these rulings absent an abuse of discretion. United States v. Brooke, 4 F.3d 1480, 1487 (9th Cir.1993). Under this standard of review we cannot simply substitute our judgment for that of the trial court, we can only reverse if we have a definite and firm conviction that the trial court committed a clear error of judgment. United States v. Roston, 986 F.2d 1287, 1291 (9th Cir.), cert. denied, 510 U.S. 874 (1993). The trial court determined that the demonstration would not accurately recreate the mental state of the participants and therefore would be misleading to the jury. In addition, the trial court determined that because Muna had a sufficient opportunity to discredit the testimony of Concepcion on cross-examination, and because Muna was still free to make the impossibility argument to the jury, the demonstration was not essential to Muna's defense. We conclude that the trial court did not abuse its discretion.
 
 
 7
 AFFIRMED in part, REVERSED in part.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3